**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>VICTOR ALBANES & YOLANDA ALBANES,<br><br>Debtors.<br><br>VICTOR ALBANES & YOLANDA ALBANES,<br><br>Appellants,<br><br>v.<br><br>WELLS FARGO BANK, N.A., as trustee for WATERFALL VICTORIA MORTGAGE TRUST 2011-SCB1, *et al*,<br><br>Appellees. | Civil Action No. 16-4302<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

  This matter comes before the Court by Debtor Appellants Victor M. and Yolanda D. Albanes' appeal of a final Order of the United States Bankruptcy Court, District of New Jersey dated July 5, 2016 by the Honorable Vincent F. Papalia, U.S.B.J. D.E. 1. Appellants filed a brief in support of their appeal and Appellees Waterfall Victoria Mortgage Trust 2011-SBC1 ("Waterfall"), Jemcap LLC, Peter Marsh, and Saul Ewing LLP ("Saul Ewing") filed a brief in opposition. D.E. 7. Appellee Wells Fargo Bank, N.A. ("Wells Fargo") joined and adopted the other Appellees' brief in opposition. D.E. 8. The Court reviewed all submissions made in support

of the appeal and considered the appeal without oral argument pursuant to L. Civ. R. 78.1(b). For the reasons that follow, the Order of the Bankruptcy Court is **AFFIRMED**.

### I.   BACKGROUND

Because Judge Papalia provided a detailed statement of facts in his thorough opinion, of which the parties are clearly familiar with, the Court will only provide a brief summary of this case. *See* Motion to Dismiss Opinion ("Opinion"), D.E. 1-1. On August 8, 2003, Greenpoint Mortgage Funding, Inc. ("Greenpoint") made a $227,500 loan to Appellant Yolanda Albanes, which is evidenced by an adjustable rate note. To secure the indebtedness incurred under the note, Appellants executed and delivered a mortgage to Greenpoint the same day. The mortgage was recorded in the Office of the Union County Clerk on August 20, 2003. Appellants' Appendix at 143-84. On August 8, 2011, the mortgage was assigned to Wells Fargo as Trustee for Waterfall. *Id.* at 64-66.

On or about October 1, 2009, Appellants defaulted on their mortgage payments. Wells Fargo began foreclosure proceedings in New Jersey state court in 2011 but its original case was dismissed without prejudice. Wells Fargo filed a second foreclosure proceeding in February 2014. Appellants filed an answer on June 16, 2014, which asserted numerous affirmative defenses, and a six-count counterclaim. *Id.* at 191-260. After a hearing on January 9, 2015, the judge struck Debtors' answer with prejudice, severed and dismissed the counterclaims, and granted summary judgment for Wells Fargo. *Id.* at 284-85. On May 22, 2015, the State court entered final judgment of foreclosure against Appellants. *Id.* at 287-89.

On November 14, 2015, almost six months after final judgment was entered, Appellants sent a letter entitled "Notice of Recission/Cancellation" to numerous parties, including Wells Fargo and Waterfall. In the letter, Appellants stated that they were exercising their rights, pursuant

to the Federal Truth in Lending Act ("TILA"), to rescind the entire loan transaction. *Id.* at 126-29. Three days later, on November 17, 2015, Appellants filed a voluntary Chapter 7 bankruptcy case, B.P. 15-31598.

At a March 8, 2016 hearing and through a March 14, 2016 Order, Judge Papalia granted stay relief to Wells Fargo under 11 U.S.C. § 362(d)(1) and (2). B.P. No. 15-31598, D.E. 44, 45. Appellants opposed the request, arguing, among other things, that (1) the note and mortgage were rescinded through the Notice of Recission; and (2) Wells Fargo is not the real party-in-interest. Judge Papalia overruled Appellants' objections. *Id.* On March 8, 2016, Appellants filed a three-count adversary complaint against Appellees, B.P. No. 16-1187. *See id.* at 11-52. The complaint addressed many of the same issues and arguments that Appellants raised in opposition to the motion to stay. Appellants' main allegations were that (1) the mortgage was effectively rescinded because the underlying loan transaction was never consummated; and (2) they are entitled to damages for fraud by omission because Appellants were never told that the loan could be assigned, sold, or pooled. Appendix at 11-35. Appellees moved to dismiss the complaint on May 10, 2016. *Id.* at 79-98.

Judge Papalia granted the motion to dismiss in its entirety and denied Appellants leave to amend. *See* Opinion, D.E. 1-1. First, Judge Papalia concluded that TILA, 28 U.S.C. § 1635 *et al*, the basis upon which Appellants allegedly rescinded the mortgage, did not apply because the case pertained to a residential mortgage transaction. Opinion at 13-15. Judge Papalia also concluded that even if Appellants had the right to rescind under Section 1635, the rescission letter was not timely because the loan at issue was consummated in 2003. *Id.* at 15-17. Next, Judge Papalia concluded that Appellants' adversary complaint was barred under the doctrines of collateral estoppel, res judicata, and the Rooker-Feldman abstention doctrine due to the New Jersey state

3

court foreclosure proceeding. *Id.* at 18-22. In addition, Judge Papalia determined that Appellants' claims against Saul Ewing were barred by the litigation privilege. *Id.* at 22-23. Finally, Judge Papalia dismissed the entire complaint with prejudice after he determined that any attempt to amend would be futile. Judge Papalia concluded that permitting leave to amend would subject Wells Fargo and the Court to needless and duplicative litigation. *Id.* Appellants filed this appeal on July 14, 2016.

## II.  APPELLATE JURISDICTION

A district court has appellate jurisdiction over the final judgments, orders, and decrees of a bankruptcy court. 28 U.S.C. § 158(a)(1). When sitting as an appellate court reviewing a decision of the bankruptcy court, the district court "review[s] the bankruptcy court's legal determinations *de novo*, its factual findings for clear error and its exercise of discretion for abuse thereof." *In re United Healthcare Sys., Inc.*, 396 F.3d 247, 249 (3d Cir. 2005) (quoting *In re Trans World Airlines, Inc.*, 145 F.3d 124, 130-31 (3d Cir. 1998)).

## III.  DISCUSSION

### A. Recession under the Truth in Lending Act

Appellants contend that Judge Papalia improperly dismissed their complaint on numerous grounds. Appellants' main argument appears to be that they rescinded their mortgage pursuant to TILA, 15 U.S.C. § 1635, *et al.*, and Federal Reserve Board Regulation Z, 12 C.F.R. § 226.23. In terms of the apparent rescission, Appellants make virtually the same arguments in this appeal as in their opposition to the motion to dismiss. *See* App. Br. at 5-13. Judge Papalia considered this issue at length, concluding that Section 1635 and its right to rescission did not apply in this case, and even if it did, Appellants' notice of rescission was untimely. Opinion at 13-18.

Judge Papalia's decision regarding rescission was correct. Critically, Appellants maintain that the mortgage transaction was never consummated and that "[t]here is no decisional law which defines what constitutes a 'consummation' of a residential mortgage loan transaction." App. Br. at 11. Judge Papalia, however, correctly concluded that the mortgage at issue here was consummated when the loan was funded and closed in 2003. *See* Opinion at 16-17 (addressing cases that discuss when consummation occurs); *see also Stevens v. Rock Springs Nat'l Bank*, 497 F.2d 307, 310 (10th Cir. 1975) ("The transaction shall be considered consummated at the time a contractual relationship is created between a creditor and a customer irrespective of the time of performance of either party.") (quoting 12 C.F.R. § 226.2(cc))).

Appellants also argue that the right to challenge the rescission notice is an affirmative defense, which should not be considered in a Rule 12(b)(6) motion to dismiss.[1] *See, e.g.*, App. Br. at 10. A court, however, may grant a Rule 12(b)(6) motion on the basis of an affirmative defense "if the predicate establishing the defense is apparent *from the face of the complaint*." *Bethel v. Jendoco Constr. Copr.*, 570 F.2d 1168, 1174 n.10 (3d Cir. 1978). Whether the loan was consummated, and the fact that the rescission letter was sent long after the three-year rescission period permitted under TILA, is clear from Appellants' pleading. As a result, Judge Papalia correctly ruled on the issue.

Accordingly, for the reasons set forth in the Opinion, the Court sees no merit to Appellants' renewed arguments on appeal. As a result, the Bankruptcy Court's Opinion and Order as to rescission under TILA is affirmed.

### B. Dismissal Due to Doctrines Not Addressed in Pleading

---

[1] Federal Rule 12(b)(6) is incorporated into Federal Rule of Bankruptcy Procedure 7012. Fed. R. Bankr. P. 7012. Thus, Judge Papalia correctly applied the Rule 12(b)(6) standards for dismissal when considering Appellees' motion to dismiss the adversary complaint.

Appellants also contend that Judge Papalia improperly relied on information outside of "the four corners of the complaint" because the dismissal was based in part on the affirmative defenses of *res judicata*, collateral estoppel, and the Rooker-Feldman doctrine.

*Res judicata* and collateral estoppel are affirmative defenses. Nevertheless, they may be appropriate grounds on which to dismiss a complaint under Rule 12(b)(6). *See, e.g., Walzer v. Muriel, Siebert & Co., Inc.*, 221 F. App'x 153, 155 (3d Cir. 2007) ("Although *res judicata* and collateral estoppel are affirmative defenses, they may be raised in a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."). In this instance, the adversary complaint does not include a copy of the summary judgment opinion in the state foreclosure matter. The underlying state court case, however, is clearly referenced throughout the pleading. *See, e.g.*, Compl. ¶ 51 (stating that this action is not barred by the Rooker-Feldman doctrine because the "claims are distinct from the state court foreclosure action identified herein"); ¶ 60 (providing case number and caption for state court foreclosure proceeding). In deciding a motion to dismiss, a court may rely on documents "integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). In addition, a court may take judicial notice of another court's opinion. *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999); *see also Floorgraphics, Inc. v. New Am. Mktg. In-Store Servs., Inc.*, No. 04-3500, 2006 WL 2846268, at *3 (D.N.J. Sept. 29, 2006) (considering judgment of bankruptcy court for preclusive effect in motion to dismiss).

Although Appellants contend that the Court must accept the allegations in the complaint as true, a party may not avoid the preclusive effect of a prior judgment simply by omitting information about the prior proceeding in the complaint. *Cf. Connelly v. Sec'y Pa. Dep't of Corr.*, --- F. App'x ---, 2017 WL 1507785, at *1 (3d Cir. 2017) (considering written sentencing order in

6

deciding motion to dismiss for complaint alleging that confinement was illegal due to the lack of a sentencing order); *Brusco v. Harleysville Ins. Co.*, No. 14-914, 2014 WL 2916716, at *5 (D.N.J. June 26, 2014) (considering letter that was addressed in complaint but not attached to pleading to determine whether claims were barred by the statute of limitations). Consequently, Judge Papalia correctly considered judicial opinions and transcripts of proceedings in the state court foreclosure matter. To that end, Judge Papalia did not err in determining that the claims in Counts I and II of the adversary complaint were subsumed and decided in the summary judgment opinion and were therefore barred from relitigation by collateral estoppel and *res judicata*. Opinion at 21.

Appellants also allege that Judge Papalia improperly considered the Rooker-Feldman doctrine at the motion to dismiss stage. The Rooker-Feldman doctrine "is distinct from the affirmative defenses of preclusion." *Parkview Assocs. P'ship v. City of Lebanon*, 225 F.3d 321, 328 (3d Cir. 2000). Instead, it acts as a jurisdictional bar on federal courts. *See Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 164 (3d Cir. 2010). Thus, dismissal based on the Rooker-Feldman doctrine is appropriate at the motion to dismiss stage. *See, e.g., Bowen v. Bank of Am., N.A.*, No. 14-3531, 2015 WL 1968974, at *5 (D.N.J. Apr. 30, 2015) (concluding that certain claims in complaint that dealt with an underlying state court foreclosure case were barred by the Rooker-Feldman doctrine, including a claim for rescission under TILA). For that reason, Judge Papalia did not err when he dismissed the adversary complaint pursuant to the Rooker-Feldman doctrine.

In sum, Judge Papalia did not err in dismissing the complaint on the basis of these doctrines and the Opinion is affirmed on these grounds.

### C. The Litigation Privilege

In addition, Appellants argue that the Bankruptcy Court erred when it dismissed the claims against Saul Ewing pursuant to the litigation privilege defense. Specifically, Appellants contend that their claims against Saul Ewing amount to claims for fraud, which are not encompassed by the litigation privilege. App. Br. at 22-23. The litigation privilege has a broad reach and has been applied in cases involving material misrepresentation, negligent misrepresentation, and fraud. *Rickenbach v. Wells Fargo Bank, N.A.*, 635 F. Supp. 2d 389, 402 (D.N.J. 2009) (collecting cases where New Jersey courts applied the privilege). Moreover, Appellants' claims against Saul Ewing are not clear. While Appellants now contend that the claims against Saul Ewing address conduct "calculated to thwart the judicial process" and thus are not within the confines of the litigation immunity, this is not clear from the adversary complaint. Consequently, Judge Papalia did not err when he determined that the claims regarding Saul Ewing's alleged misconduct were protected by the litigation privilege. The Opinion is therefore affirmed on these grounds.

### D. Dismissal With Prejudice

Finally, Judge Papalia did not err when he dismissed the complaint with prejudice. Federal Rule of Bankruptcy Procedure 7015 and Federal Rule of Civil Procedure 15(a)(2) instruct courts to grant leave when justice so requires. Fed. R. Civ. P. 12(a)(2); Fed. R. Bankr. P. 7015. Yet, leave to amend should not be granted if an amendment would be futile. A claim is futile if it is "frivolous or advance[s] a claim or defense that is legally insufficient on its face." *In re L'Oreal Wrinkle Cream Mktg. Practices Litig.*, No. 12-3571, 2015 WL 5770202, at *5 (D.N.J. Sept. 30, 2015) (quoting *Marlow Patent Holdings LLC v. Dice Elecs., LLC*, 293 F.R.D. 688, 695 (D.N.J. 2013). As discussed, the Rooker-Feldman doctrine divests the Bankruptcy Court of its subject matter jurisdiction and the claims in the adversary complaint are also precluded by collateral estoppel and *res judicata*. Thus, these claims are barred and Judge Papalia correctly determined

that any amendment would be futile. Consequently, the Bankruptcy Court's Opinion is affirmed on these grounds.

## IV. CONCLUSION

For the reasons set forth above, the Bankruptcy Court Order is **AFFIRMED**, and accordingly the appeal is **DENIED**. An appropriate Order accompanies this Opinion.

Dated: July 18, 2017

_____
John Michael Vazquez, U.S.D.J.